STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ROBERT DAVID REES (CABN 229441)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3680
   FAX: (510) 637-3724
   Email: robert.rees@usdoj.gov

Attorneys for United States of America

```
FILED
Aug 18 2023
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. 06-CR-00316 VC |
|---|---|
| Plaintiff, | ) |
| v. | ) [~~PROPOSED~~] DETENTION ORDER |
| KASI TALEA POHAHAU, | ) |
| Defendant. | ) |

On July 4, 2023, the defendant, Kasi Talea Pohahau, allegedly violated the conditions of his supervised released as outlined in the Petition for Warrant for Offender Under Supervision ("Petition") with committing a new federal, state, or local crime and owning or possessing a firearm, ammunition, destructive device, or other dangerous weapon. Dkt. 701.

This matter came before the Court for a detention hearing on August 14, 2023. The defendant was present and represented by Assistant Federal Public Defender David Rizk. Assistant United States Attorney Robert David Rees appeared for the government. At the hearing, each counsel and two Probation Officers submitted proffers and arguments regarding detention.

As a person on supervised release, the defendant bears the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Fed.

R. Crim. P. 32.1(a)(6).  Upon consideration of the facts, proffers, and arguments presented, and for the reasons stated on the record, the Court finds that defendant did not meet his burden to show by clear and convincing evidence that he does not pose a danger to the community.  Accordingly, defendant must be detained pending resolution of the Petition.

The present order supplements the Court's findings and order at the August 14, 2023 detention hearing and serves as written findings of fact and a statement of reasons.  As noted on the record, the Court makes the following findings as the bases for its conclusion.  The Court reviewed a daytime video in which the defendant, as identified by Probation, arrived at the scene of the alleged criminal activity in a vehicle identified by Probation as his wife's.  The government and Probation further proffered that location evidence obtained by the police indicated that the defendant was present at the scene of the alleged criminal activity at that time.  The man identified as the defendant wore pants, a shirt, and a distinctive vest that Probation noted is common attire for him.

The Court then closely reviewed a lower quality video of the alleged criminal incident.  A man wearing pants, a shirt, and the same distinctive vest can be seen obtaining an object from another person that the defendant then handled and tucked away.  This man is wearing what appears to be the same distinctive vest and is consistent with the defendant as previously identified at the scene.  Based on the circumstances, the Court finds it is probable that the defendant obtained a firearm at that time, as alleged in the police report of the incident reviewed by the Court.

Shortly thereafter a fight broke out among a bunch of people, and the man who is consistent with the defendant's appearance, and now probably possessing a gun, was one of several individuals who walked into the confrontation that became a fight. Most of the people in the fight moved to the right in the video, including the person consistent with the defendant in the same distinctive vest, and can then be seen in an area near a fence where shots were fired.  It is at least possible that the defendant was a person firing shots (at least one other shot was fired by another person at the scene whose appearance was not consistent with the defendant's).  But whether or not he was one of the shooters, this was probably the defendant and he was probably armed when he willingly walked into a fight in which shots ended up being fired.  Shortly thereafter, a person consistent with the defendant's appearance and

wearing the same distinctive vest can be seen holding what is probably a firearm in a position and a manner consistent with firearm possession, as further alleged in the police report.

Accordingly, the defendant poses a danger to the community because of the dangerous character of the conduct alleged in the supervised release petition, the police report, and the lower-quality video footage. The Court is not satisfied the defendant can meet his burden that such danger can be prevented by any conditions of release. For example, one firearm was subsequently located at the defendant's Probation-registered residence and six firearms were located at another residence Probation knows him to frequent and at which he was surveilled, according to the police report. This finding is made without prejudice to the defendant's right to seek review of defendant's detention or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3143(a)(1), IT IS ORDERED THAT:

1. The defendant shall continue to be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: August 17, 2023

_____
HON. THOMAS S. HIXSON
United States Magistrate Judge